IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

OSMAN JOSE CASTELLANO,

       Defendant.

_____

Case. No. 6:96-cr-60109-MC

OPINION AND ORDER

**MCSHANE, Judge:**

      Osman Castellano was sentenced to 300 months in prison following his conviction at trial for possessing methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)B)(viii). Castellano now moves, pursuant to 28 U.S.C. § 2241, to vacate that sentence based on the Ninth Circuit's holding in *Sandoval v. Sessions*, 866 F.3d 986 (2017). Because the *Sandoval* court held that an Oregon conviction for delivery of a controlled substance is not an "aggravated felony" under the Controlled Substance Act, Castellano argues that he is "actually innocent" of the "career offender" enhancement that was applied to his pre-*Booker*, mandatory guideline sentence (an enhancement that increased his guideline range of 110 to 137 months to 262 to 327 months). Because Castellano does not meet the "escape hatch" requirements of § 2241, and because he has not received permission from the Ninth Circuit to file a successive petition under § 2255, his motion is DENIED.

1 – OPINION & ORDER

**STANDARDS**

Generally, a federal defendant seeking to challenge his sentence must file a motion under 28 U.S.C. § 2255. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, a defendant may file a petition under § 2241, a procedure only available via the "escape hatch" provision of § 2255. *Id.* The escape hatch provision is available if the defendant "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted)). In the Ninth Circuit, "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* at 1193 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted) (alteration in original)).

**DISCUSSION**

Castellano's argument, that the reasoning in *Sandoval* applies to career offender enhancements under the guidelines, is one the Ninth Circuit has yet to consider. Judge Hernandez, in an opinion discussing *Sandoval* along with other Ninth Circuit cases, concluded that an Oregon conviction for unlawful delivery of a controlled substance remains a "controlled substance offense" under the guidelines. *United States v. Harms*, No. 3:16-cr-00028-HZ, 2017 WL 4918513 (D. Or. Oct. 31, 2017). Analyzing *Sandoval* in the context of the Armed Career Criminal Act, Judge Aiken concluded a conviction under Oregon's manufacture/delivery of a controlled substance statute is not a "serious drug offense." *See Ernst v. United States*, No. 6:17-cv-00893-AA, 293 F.Supp.3d 1242 (D. Or. Nov. 13, 2017); *see also* Ernst, 291 F.Supp.3d 1190 (Feb. 13, 2008) (denying government's motion for reconsideration)). Applying the rule of lenity, Judge Aiken granted the motion to vacate. *Ernst*, 293 F.Supp.3d at 1250. Neither case, however, involved the procedural hurdles Castellano faces here.

I need not dive into the merits of Castellano's argument because, even assuming *Sandoval* applies to the guideline application in his case, Castellano cannot make a claim of "actual innocence" in these circumstances. In *Green v. Ives*, No. 3:16-cv-00406-MC, 2017 WL 1055963 (D. Or. Mar. 20, 2017), I concluded in an analogous case that the petitioner there could not proceed under an "actual innocence" argument.[1] Like Green, Castellano does not argue or present evidence that he is factually innocent of either the federal offense or the predicate state offense. *Marrero*, 682 F.3d at 1192-93. He does not argue that he was statutorily ineligible to receive a career offender enhancement such that his sentence exceeded the statutory maximum.[2] *Id.* at 1194-95; *see also Spencer v. United States*, 773 F.3d 1132, 1143 (11th Cir. 2014) (noting that misapplication of the career offender enhancement under the Armed Career Criminal Act, unlike the Guidelines, "results in a sentence that exceeds the statutory maximum").

Although Castellano frames the issue as being "actually innocent" of the career offender enhancement, the crux of his argument is that the sentencing court misapplied the Guidelines and imposed an incorrect sentence. In the Ninth Circuit, such a claim is not recognized under § 2241. *Marrero,* 682 F.3d at 1195 ("the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch"). Although Castellano urges me to reconsider my conclusions in *Green*, I conclude that as in *Green*, the reasoning in *Marrero* controls the outcome here. Castellano's claim does not fall within the possible exceptions to "factual innocence" that the Ninth Circuit recognized but did not explicitly endorse in *Marrero*. 682 F.3d at 1194-95. Like

---

[1] Upon reconsideration, I issued Green a certificate of appealability as to whether he could proceed under the escape hatch of § 2241. *See* Oct. 6, 2017 Opinion and Order; ECF No. 32.

[2] Casetellano faced a maximum sentence of 40 years for his conviction for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B)(viii). His sentence of 300 months falls within the statutory limit even if, as Castellano now argues, it was based on an improper guidelines calculation.

Marrero, Castellano does not assert a valid claim of "actual innocence" for the purposes of the § 2241 escape hatch.[3]

## CONCLUSION

Castellano's motion to vacate, ECF No. 212, is DENIED. As in *Green*, I grant Castellano a certificate of appealability on the issue of whether he is eligible for habeas relief under 28 U.S.C. § 2241. *See Harrison v. Ollison*, 519 F.3d 952, 958-59 (9th Cir. 2008) (certificate of appealability required if petition is essentially a § 2255 motion "disguised" as a § 2241 petition). IT IS SO ORDERED.

DATED this 31st day of July, 2018.

    /s/ Michael McShane
    Michael McShane
    United States District Judge

---

[3] As Castellano filed a § 2255 motion in 2001, this motion, if filed under § 2255 rather than § 2241, would be his second motion under § 2255. Recognizing he did not receive approval from the Ninth Circuit to file a second or successive § 2255 motion, Castellano brings this motion solely under § 2241.

4 – OPINION & ORDER